UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMMY SCHLUETER, and<br>PAULA SCHLUETER<br><br>    *Plaintiffs*,<br><br>v.<br><br>AT&T COMMUNICATIONS - EAST, INC., a<br>foreign limited liability<br>company, and EQUIFAX INFORMATION<br>SERVICES, LLC, a foreign corporation,<br><br>    *Defendants*. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.: _____<br>)    JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**COMES NOW** Plaintiffs, by and through the undersigned attorney, and would show unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1. This petition is an action for statutory and actual damages, brought by these individual consumers (hereinafter referred to as "Plaintiffs") against Defendants, jointly and severally, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "FCRA").

2. In addition, this petition seeks actual, compensatory, statutory, and/or punitive damages under Alabama state law and the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-1, *et seq.* (hereinafter referred to as "ADTPA"), pursuant to this Court's pendent and supplemental jurisdiction.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331,

and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Defendants' violations of Plaintiffs' rights, as alleged herein, occurred in Shelby County, Alabama, and were committed within the Southern Division of the Northern District of Alabama.

## PARTIES

4. Plaintiffs TIMMY SCHLUETER and PAULA SCHLUETER (hereinafter referred to as "Plaintiffs") are natural persons and residents and citizens of Shelby County, the State of Alabama, and of the United States. Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975 § 8-19-3(2).

5. Defendant AT& T COMMUNICATIONS - EAST, INC., (hereinafter referred to as "BELLSOUTH" or "Defendant") is a foreign corporation engaged in the business of furnishing consumers with credit in the State of Alabama.

6. Defendant EQUIFAX INFORMATION SERVICES, LLC (hereinafter referred to as "EQUIFAX" or "Defendant") is a foreign limited liability company licensed to do business within the State of Alabama. EQUIFAX is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS – DEFENDANT BELLSOUTH

7. Plaintiffs restate and reiterate herein all previous paragraphs.

8. Plaintiffs filed bankruptcy and were discharged on August 24, 2005 with Defendant

receiving a copy of the discharge order. The case number is 05-03960-BGC7 and it was filed in the Northern District of the Alabama Bankruptcy Court.

9. Despite the aforementioned court order, Defendant continues to report Plaintiffs' account to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having current balances due and payable rather than reflecting that such was discharged in bankruptcy. More specifically, Defendant BELLSOUTH shows a balance of $457.00 on EQUIFAX. Furthermore, Defendant BELLSOUTH reported this discharged account on January 1, 2006. Defendant has intentionally and maliciously refused to either accurately report the accounts as having been discharged in bankruptcy or notify the CRAs that such accounts have a zero balance as a result of being discharged in bankruptcy.

10. Plaintiffs' credit reports, credit worthiness, and credit scores have been negatively impacted by the inaccurate reporting of Defendant.

11. Defendant knew and knows that a discharge order means Plaintiffs no longer owe the debt and have no personal liability therefore. However, Defendant has made a corporate decision to willfully and maliciously act contrary to its knowledge in a calculated decision to violate the requirements to properly update Plaintiffs' accounts.

12. Defendant has a policy and procedure to refuse to properly update credit reports of consumers, such as Plaintiffs', who have discharged their debts. The reason is to keep false information on their credit reports. The false information consists of a balance shown as owed absent any reference to the debt being discharged in Bankruptcy.

13. Defendant updates numerous accounts each month with allegedly the correct information regarding the balances but has willfully and maliciously refused to do so with Plaintiffs

and other consumers who are similarly situated.

14. Defendant has willfully and maliciously failed to report Plaintiffs' accounts as having a "0" balance as required by 16 CFR § 607(6) which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

15. Defendant has promised, through its subscriber agreements or contracts with the CRAs, to update accounts that have been discharged in bankruptcy but they have willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiffs' credit reports.

16. Defendant has a policy to "park" its accounts on at least one of the Plaintiffs' credit reports. This industry-specific term refers to keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumers' credit scores from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

17. In the context of "parking" an account, Defendant has an obligation and duty under federal and state law to accurately report the balance and it has willfully and maliciously refused to do so.

18. Defendant, BELLSOUTH, has reported to EQUIFAX that they verified the accuracy and completeness of Plaintiffs' discharged accounts on or about August 24, 2005, but continues to report it as being collectable with a balance of $457.00.

19. Defendant has agreed to and understands it must follow the requirements of the FCRA including:

    a) 15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

    b) 15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

        (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

        (ii) the information is, in fact, inaccurate."

    c) 15 U.S.C. § 1681(a)(2) which states, "[a] person who -

        (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

        (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

20. Defendant knows that parking a balance will lead to the publication of false and defamatory information every time Plaintiffs' credit reports are accessed. However, Defendant intentionally and maliciously intends to force Plaintiffs, and others similarly situated, to pay on an account that has been discharged.

21. Plaintiffs' credit reports have been accessed since the discharge and therefore the false information of Defendant has been published to third parties.

22. Despite receiving at least one dispute regarding its false reporting, Defendant has intentionally and knowingly maintained its policy of keeping false and damaging information on at least one of Plaintiffs' credit reports.

23. Defendant has a practice of maliciously, willfully, recklessly, wantonly, and/or negligently violating, ignoring, and refusing to follow the requirements of the FCRA, FDCPA, ADTPA, federal law and state law.

24. All actions taken by employees, agents, servants, or representatives of any type for Defendant was taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

25. Defendant's actions were malicious, wanton, reckless, intentional or willful, and performed with either the desire to harm Plaintiffs, and/or with the knowledge that its actions would very likely harm Plaintiffs, and/or that its actions were taken in violation of the law.

26. Defendant has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports which subjects it to punitive and statutory damages, and all other appropriate measures to punish and deter similar future conduct.

27. The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, federal law, and state law of Defendant, regarding Plaintiffs' alleged debts, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiffs, proximately causing Plaintiffs to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiffs will in the future continue to suffer.

### FACTUAL ALLEGATIONS – DEFENDANT EQUIFAX

28. Defendant has failed and/or refused to verify the accuracy of the information it has published and continues to publish in Plaintiffs' credit reports.

29. Defendant has failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information it publishes in consumer credit reports in violation of 15 U.S.C. § 1681(e)(b).

30. Defendant's intentional, reckless, and willful violations of the FCRA, federal law and state law has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiffs proximately causing Plaintiffs to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiffs will in the future continue to suffer.

### COUNT ONE
### ALL DEFENDANTS
### VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
### ALA. CODE 1975 § 8-19-3, *et seq.*

31. Plaintiffs restate and reiterate herein all previous paragraphs.

32. The conduct described herein has caused actual confusion or misunderstanding as to the

source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

33. Said conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

34. The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiffs relied upon such representations as being lawful, yet such conduct is prohibited.

35. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

36. Defendants' unfair and deceptive acts have proximately caused emotional and actual damages and Defendants are liable to Plaintiffs for such injury.

## COUNT TWO
## ALL DEFENDANTS
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq.*

37. Plaintiffs restate and reiterate herein all previous paragraphs.

38. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

    a) By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiffs, to follow reasonable procedures to assure maximum

possible accuracy of the information in the reports as required by 15 U.S.C. § 1681(e)(b);

b) By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

c) By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of closed account;

c) Defaming Plaintiffs by publishing to third parties false information regarding Plaintiff's creditworthiness;

d) Invading the privacy of Plaintiffs; and

e) Failing in their duty to prevent foreseeable injury to Plaintiffs.

39. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business and in gross reckless disregard of the rights of Plaintiffs.

40. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FCRA, 15 U.S.C. § 1681, *et seq.*

41. As a result of the above violations of the FCRA, Defendants are liable to Plaintiffs for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiffs' actual damages, statutory damages, and costs and attorney's fees under the FCRA.

## COUNT THREE – NEGLIGENT, RECKLESS AND WANTON CONDUCT
## DEFENDANT BELLSOUTH

42. Plaintiffs restate and reiterate herein all previous paragraphs.

43. Defendant's acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiffs.

44. As a proximate consequence of Defendant's negligence, Plaintiffs have been caused to suffer severe emotional and mental distress.

45. As a result of the Defendant's unlawful acts, Defendant is liable to Plaintiffs for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT FOUR - HARASSMENT DEFENDANT
## DEFENDANT BELLSOUTH

46. Plaintiffs restate and reiterate herein all previous paragraphs.

47. Defendant's acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiffs' well being. Defendant's harassing collection tactics created a hostile environment for Plaintiffs.

48. Defendant wrongfully exploited Plaintiffs in an attempt to coerce Plaintiffs into paying the alleged debt.

49. Defendant's communications to Plaintiffs were offensive and harassing.

50. As a proximate consequence of Defendant's harassment, Plaintiffs have been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

## COUNT FIVE – INVASION OF PRIVACY
## ALL DEFENDANTS

51. Plaintiffs restate and reiterate herein all previous paragraphs.

52. Defendants' conduct, as described herein, constitutes an invasion of Plaintiffs' privacy in that it intrudes into Plaintiffs' private life, publishes private facts regarding Plaintiffs, and places Plaintiffs in a false light in the eyes of those to whom the publications are made.

53. Defendants' actions were done maliciously, without privilege, and with a willful intent to injury Plaintiffs.

54. As a direct and proximate consequence of Defendants' acts of invading Plaintiffs' privacy, Plaintiffs have been injured in that Plaintiffs have been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## COUNT SIX - DEFAMATION
## ALL DEFENDANTS

55. Plaintiffs restate and reiterate herein all previous paragraphs.

56. Defendants published false information about Plaintiffs by reporting to one or more of the CRAs either a false account or balance.

57. Each time Plaintiffs' credit reports were accessed, a new publication occurred, which was the result intended by Defendants.

58. The publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiffs.

59. As a direct and proximate consequence of Defendants' acts of defamation, Plaintiffs have been injured in that Plaintiffs have been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## COUNT SEVEN - MISREPRESENTATION
## DEFENDANT BELLSOUTH

60. Plaintiffs restate and reiterate herein all previous paragraphs.

61. Defendant intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that it has falsely represented that Plaintiffs owe money to the Defendant.

62. Defendant intends that those who review the credit reports of Plaintiffs will rely upon the misrepresentations and suppressions of material facts related to the balance owed and the lack of indication that the account was discharged in bankruptcy.

63. Defendant intended that the justifiable and reasonable reliance by others would adversely affect Plaintiffs.

64. As a direct and proximate consequence of Defendant's acts of misrepresentation, Plaintiffs have been injured in that Plaintiffs have been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Award Plaintiffs actual damages;

b) Award Plaintiffs punitive damages;

c) Award Plaintiffs state and federal statutory damages;

d) Award Plaintiffs compensatory damages for mental and emotional distress, humiliation and embarrassment;

e) Award Plaintiffs reasonable attorney's fees and costs of this litigation; and

f) Grant such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED this ___ day of May, 2009.

JENNIFER R. JORDAN (JOR027)
*Counsel for Plaintiff*

Anderson Nelms and Associates, LLC
2005 Cobbs Ford Road, Suite 301A
Prattville, AL 36066
334-351-1770
334-351-1774 - Fax
courtnotices@andersonnelms.com

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

AT&T COMMUNICATIONS - EAST, INC.
C/o The Corporation Company
2000 Interstate Park Drive Ste 204
Montgomery, AL 36109

EQUIFAX INFORMATION SERVICES, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104