# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| TIMMY SCHLUETER; PAULA SCHLUETER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 2:09-CV-1056-SLB |
| | ) |
| BELLSOUTH TELECOMMUNICA-TIONS, d/b/a AT&T Communications - East, Inc.; EQUIFAX INFORMATION SERVICES, L.L.C., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on Motion to Dismiss filed by defendant BellSouth Telecommunications. (Doc. 16.)[1] Plaintiffs have sued defendant BellSouth alleging a number of causes of action based on its furnishing allegedly false information to a credit reporting agency and/or failing to correct the false report. Upon consideration of the record, defendant's submission,[2] and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 16), is due to be granted.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2]The Schlueters, who are proceeding pro se, did not file any opposition to Bellsouth's Motion to Dismiss.

## I.  **MOTION TO DISMISS STANDARD**

When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citations omitted); *see also Rivell v. Private Healthcare Systems, Inc.*, 520 F.3d 1308, 1309 (11th 2008).

> The allegations in the complaint are taken as true and construed in the light most favorable to the plaintiffs. [*Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir.2002).]  However, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir.2007).  "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts*, 495 F.3d at 1295 (quoting *Twombly*, 127 S. Ct. at 1965).  This rule does not "impose a probability requirement at the pleading stage." *Twombly*, 127 S. Ct. at 1965.  Instead, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the required element.  *Id*.  "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" *Watts*, 495 F.3d at 1296 (quoting *Twombly*, 127 S. Ct. at 1965).

*Rivell*, 520 F.3d at 1309.

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am.*

*Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

## II.  STATEMENT OF FACTS

In its Brief in Support of its Motion to Dismiss, BellSouth sets forth the following facts, which the Schlueters do not dispute:

> Plaintiffs filed for bankruptcy and received a discharge order on August 24, 2005.  [(Doc. 7 ¶ 8.)]  Plaintiffs allege that BellSouth received a copy of the discharge order but continued to report Plaintiffs' account with BellSouth as having a current balance due and payable rather than reflecting that such balance was discharged in bankruptcy.  [(*Id*. ¶¶ 9, 18.)]  Plaintiffs allege that their credit has been negatively impacted and that they suffered injuries to their reputation and feelings.  [(*Id*. ¶¶ 10, 27.)]  Plaintiffs do not allege that they disputed the reporting of their BellSouth account with a CRA [consumer reporting agency] or that a CRA contacted BellSouth with respect to the allegedly inaccurate reporting.
>
> Plaintiffs' Amended Complaint alleges seven causes of action against BellSouth.  Specifically, Plaintiffs allege a cause of action under the FCRA and six state law causes of action – Deceptive Trade Practices; Negligent, Reckless, and Wanton Conduct; Harassment; Invasion of Privacy; Defamation; Misrepresentation.  Every one of the state law causes of action incorporates all of the factual allegations.  [(*Id*. ¶¶ 31, 37, 42, 46, 51, 55, 60, 65.)]  It is therefore fair to assume these causes of action all arise out of BellSouth's furnishing of information to a CRA.

(Doc. 16 at 3-5 [footnotes omitted].)

## III.  DISCUSSION

BellSouth contends that the Schlueters' claims are due to be dismissed on the grounds that the Fair Credit Reporting Act ["FCRA"] does not provide a private cause of action for

the claims made in the Complaint and that their state-law claims are preempted or otherwise barred by the FCRA.

## A.  FAIR CREDIT REPORTING ACT CLAIM – 15 U.S.C. § 1681s-2

BellSouth contends, "Plaintiffs' claim under the FCRA fails as a matter of law because no private right of action exists to enforce a furnisher's general duty to provide accurate information."  (Doc. 16 at 6.)

In an unpublished opinion, the Eleventh Circuit held:

> The FCRA governs claims by consumers, like Green, against a furnisher of information, such as RBS, based on an allegation that the furnisher submitted incorrect information regarding the consumer to CRAs. *See generally* 15 U.S.C. §§ 1681a(c) & (f), 1681s-2(a).  The FCRA imposes two separate duties on furnishers.  First, § 1681s-2(a) requires furnishers to submit accurate information to CRAs.   Second,  § 1681s-2(b)  requires furnishers to investigate and respond promptly to notices of customer disputes. Green contends that Citizens Bank of Rhode Island ("Citizens") violated § 1681s-2(a) by tendering false information regarding his account.  The FCRA, however, does not provide a private right of action to redress such a violation, and the district court was correct in so holding.

> ***The FCRA does provide a private right of action for a violation of § 1681s-2(b), but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency***. *See* 15 U.S.C. § 1681s-2(b)(1).

*Green v. RBS National Bank*, 288 Fed. Appx. 641, 642 (11th Cir.), *cert denied* 129 S. Ct. 929 (2009)(emphasis added)[unpublished]; *see also Chipka v. Bank of America*, No. 09-11364, 2009 WL 4598327, *2 (11th Cir. Dec. 8, 2009)("Congress, however, expressly reserved enforcement of subsection (a) to governmental agencies and officials, thereby limiting a consumer's private cause of action against a furnisher of credit information to violations of

§ 1681s-2(b).")[unpublished]; *Peart v. Shippie*, 345 Fed. Appx. 384, 386 (11th Cir.

2009)("[T]he FCRA prohibits furnishers of credit information from providing false

information. 15 U.S.C. § 1681s-2(a). However, the statute explicitly bars private suits for

violations of this provision. 15 U.S.C. § 1681s-2(c); 15 U.S.C. § 1681s(c)(1)(B)(allowing

states to bring an action for violations). The FCRA also requires furnishers of credit

information to investigate the accuracy of said information upon receiving notice of a

dispute. 15 U.S.C. § 1681s-2(b). This provision of the FCRA can be enforced through a

private right of action, but ***only*** if the furnisher received notice of the consumer's dispute

from a consumer reporting agency. *See* 15 U.S.C. § 1681s-2(b)(1).")(emphasis

added)[unpublished].

   Although the *Green* decision is unpublished and, therefore, not binding authority,[3] this

court finds that the decision likely represents the manner in which the Eleventh Circuit will

resolve this issue. Thus, the court is persuaded to apply the decision to this case.

   To the extent plaintiffs' FCRA claim is based upon BellSouth's false report to one or

more consumer reporting agencies in violation of 15 U.S.C. § 1681s-2(a), such claim is due

to be dismissed because the statute does not provide a private right of action. *Green*, 288

Fed. Appx. at 642. To the extent plaintiffs allege a violation of § 1681s(2)(b), their Amended

---

   [3]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be
unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are
not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir.
R. 36-2 (emphasis added).

Complaint fails to state a cause of action for which relief may be granted and is due to be dismissed.

In their Amended Complaint, the Schlueters allege, "Despite receiving at least one dispute regarding its false reporting, Defendant has intentionally and knowingly maintained its policy of keeping false and damaging information on at least one of Plaintiffs' credit reports." (Doc. 7 ¶ 22.) Pursuant to § 1681s-2(b), a furnisher of information, such as BellSouth, is liable for failure to conduct an investigation, report the findings of the investigation, and fix any inaccurate information *after* receiving notice. *Peart*, 345 Fed. Appx. at 386; *Green*, 288 Fed. Appx. at 642. The Schlueters' conclusory allegation that BellSouth had received a "dispute regarding its false reporting" – without additional allegations that the dispute related to their account, that they had reported the inaccuracy to the consumer reporting agency, and that the consumer reporting agency reported the Schlueters' dispute to BellSouth – is insufficient "to render . . . plausible" the necessary element of notice from the consumer reporting agency. *See Rivell*, 520 F.3d at 1309.

Therefore, the court will dismiss the Schlueters' claim against BellSouth based on § 1681s-(2)(b), without prejudice. To the extent they may do so without violating Fed. R. Civ. P. 11,[4] the Schlueters may file an Amended Complaint alleging a cause of action based on

---

[4]Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent part:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of

the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

(1) In General.  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.  . . .

. . .

(3) On the Court's Initiative.  On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4)  Nature of a Sanction.  A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.  The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable

7

15 U.S.C. § 1681s-2(b).  If filed, the Amended Complaint will relate back to the date of filing of this action.

**B.  STATE-LAW CLAIMS**

BellSouth contends that the Schlueters' state-law claims are due to be dismissed because they are preempted by § 1681t(b)(1)(f) of the FCRA as they "relate to duties arising under § 1681s-2."  (Doc. 16 at 12.)

The court notes a dispute exists among jurists in this district whether § 1681h(e) preserves any cause of action under state law against furnishers of information.

Section 1681h(e) states:

> Except as provided in sections 1681n and 1681*o* of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer

---

> attorney's fees and other expenses directly resulting from the violation.
>
> (5)  Limitations on Monetary Sanctions.  The court must not impose a monetary sanction:
>
> . . .
>
> (B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

Fed. R. Civ. P. 11(b)-(c).

> against whom the user has taken adverse action, based in whole or in part on
> the report except as to false information furnished with malice or willful intent
> to injure such consumer.

15 U.S.C.A. § 1681h(e) (footnote omitted).  The three sections covered by § 1681h(e) –

1681g, 1681h, and 1681m – regulate disclosures **to consumers** and duties of **users** of

information.   These sections do not concern a **furnisher's** duties of reporting and

investigation.  Section 1681t(b) covers furnishers.

Section 1681t(b)(1) provides:

No requirement or prohibition may be imposed under the laws of any State –

> (1)  with respect to any subject matter regulated under –
>
> . . .
>
> (F)  section 1681s-2 of this title, relating to the responsibilities
> of persons who furnish information to consumer reporting
> agencies . . . .

15 U.S.C.A. § 1681t(b)(1)(F).  In a similar case in the Middle District, Senior District Judge

Albritton, discussing the plain language of § 1681h(e) and § 1681t(b)(1), held that state-law

claims based on conduct prohibited by § 1681s-2 are preempted by the plain language of §

1681t(b)(1)(F):

> Many district courts which have examined these two statutes [§
> 1681h(e) and § 1681t(b)(1)(F)] have attempted to resolve a perceived conflict
> between them by following one of three lines of reasoning:  [1] the view that
> § 1681t(b)(1)(F) completely subsumes § 1681h, *see e.g., Hasvold v. First USA
> Bank*, 194 F. Supp. 2d 1228, 1239 (D. Wyo. 2002); [2] the view that §
> 1681(b)(1)(F) only preempts claims arising after the furnisher of information
> has been provided notice, *see e.g., Riley v. General Motors Acceptance Corp.*,
> 226 F. Supp. 2d 1316, 1324 (S.D. Ala. 2002); and [3] the view that § 1681h

9

applies to common law tort claims and § 1681t(b)(1)(F) to state statutory
claims, *see, e.g., McCloud v. Homeside Lending*, 309 F. Supp. 2d 1335 (N.D.
Ala. 2004).  Another judge of this court, however, has determined that those
three approaches need not be followed to resolve the issue of preemption and
that the plain language of § 1681t(b)(1)(F) controls.  *Abbett v. Bank of
America*, No. 3:04cv1102-WKW, 2006 WL 581193 (M.D. Ala.  March 8,
2006)(Watkins, J.).

    In construing a statute, the court must first look to the plain language
of the statute.  *See Albernaz v. United States*, 450 U.S. 333, 336, 101 S. Ct.
1137, 67 L. Ed. 2d 275 (1981).  [Plaintiff] argues that the language of §
1681h(e) and § 1681t(b)(1)(F) conflict, and that this court should resolve that
conflict and determine that his tort claims are not preempted because he
alleges malice and willful intent, consistent with the exception in § 1681h(e).

    The court finds there is no ambiguity in § 1681t(b)(1)(F) on its face.
It does not allow for state law prohibitions or requirements which relate to the
responsibilities of furnishers of information to consumer reporting agencies.
It appears to this court that § 1681h(e) should only be looked to to determine
whether it conflicts with the plain language of § 1681t(b)(1)(F) if § 1681h(e)
is otherwise applicable in the case.  That is, this court should not undertake to
resolve a theoretical conflict between statutes unless the statute which
allegedly causes the conflict with the other, unambiguous, statute applies in the
case.

    [Defendant] has argued that § 1681h(e) has no applicability in this case
because [plaintiff's] claims do not fall within the categories of actions
identified in § 1681h(e).  As set out above, § 1681h(e) limits, with exceptions,
the scope of the immunity it provides to particular kinds of claims "based on
information disclosed pursuant to section 1681g, 1681h, or 1681m of this title,
or based on information disclosed by a user of a consumer report to or for a
consumer against whom the user has taken adverse action, based in whole or
in part on the report . . . ."  Sections 1681g and 1681h of the FCRA set out
requirements of consumer reporting agencies in their disclosures to consumers.
Section 1681m, as well as the remaining language of 1681h(e), apply to users
of information which take adverse action against the consumer.  [Plaintiff] has
not alleged that [defendant] is a consumer reporting agency or that it took
adverse action against him.  Accordingly, § 1681h(e) is not applicable to the
facts of this case and the liability limitation, and exceptions thereto, likewise

10

are not applicable.  Because those provisions do not apply, the court finds no conflict to be resolved with the plain language of § 1681t(b)(1)(F).

*Knudson v. Wachovia Bank*, 513 F. Supp. 2d 1255, 1259-60 (M.D. Ala. 2007)(footnotes omitted).

In this case, the Schlueters have not alleged that BellSouth "is a consumer reporting agency or that it took adverse action against [them based on information provided by a consumer reporting agency]."  *See id*. at 1260.  Moreover, the information at issue – the alleged debt to BellSouth – is neither information disclosed  pursuant to §§ 1681g, 1681h, and/or 1681m, nor information disclosed by BellSouth as a user of a consumer report.  Under these circumstances, § 1681h(e) does not preserve the Schlueters' state-law claims against BellSouth as a furnisher of information.

Section 1681t(b)(1)(F) provides, "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ."  15 U.S.C. § 1681t(b)(1)(F).  The subject matter under § 1681s-2 includes a prohibition against furnishers providing "any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

The Schlueters allege that BellSouth "intentionally and maliciously refused to either accurately report the accounts as having been discharged in bankruptcy or notify the [consumer reporting agencies] that such accounts have a zero balance as a result of being

discharged in bankruptcy." (Doc. 7 ¶ 9.) This conduct is the subject matter of § 1681s-2.

Therefore, plaintiff's state-law claims are barred by § 1681t(b)(1)(F).

Based on the foregoing, BellSouth's Motion to Dismiss will be granted and the

Schlueters' state-law claims against it will be dismissed.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that defendant BellSouth's

Motion to Dismiss, (doc. 16), is due to be granted. An Order, granting the Motion to Dismiss

and dismissing plaintiffs' FCRA claim based on § 1681s-2(a) and their state-law claims

against BellSouth with prejudice and their FCRA claim based on § 1681s-2(b) without

prejudice, will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 29th day of March, 2010.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

12